## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    10 S. Howard Street<br>    Third Floor<br>    Baltimore, MD 21201 | )<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |
| Plaintiff, | )<br>) | |
| v. | )<br>) | COMPLAINT AND<br>JURY TRIAL DEMAND |
| HOMESTEAD GARDENS, INC.<br>5021 – 37th Place<br>Hyattsville, MD 20782<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendment Act of 2008 (hereinafter "the ADA, as amended"), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Richard Starkey ("Starkey"). As alleged with greater particularity below, Homestead Gardens, Inc. ("Defendant" or "Homestead") failed to accommodate Starkey and terminated him because of his disability.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.     At all relevant times Homestead Gardens, Inc., a Maryland company with its principal office at 5021 – 37th Place, Hyattsville, MD 20782 has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Starkey filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.    Since at least 2009, Defendant has engaged in unlawful employment practices, discriminating against Richard Starkey because of his disability under the ADA, in the following manner:

A.    On April 9, 2009, Defendant hired Starkey to work as a Stocker. When Defendant hired Starkey, it did not know that Starkey had Hemophilia.

B.    Starkey was qualified to perform the Stocker job and performed the job well.

C.    On April 27, 2009, Starkey's mother called Defendant to advise that Starkey was unable to report for work that day. During the course of the conversation, Starkey's mother told Defendant that Starkey has Hemophilia.

D.    Starkey has Hemophilia, Type A. As a result, Starkey's circulatory system, a major bodily function, is substantially limited and Starkey has an impairment that constitutes a disability, as defined by the ADA, as amended.

E.    After Defendant learned that Starkey has Hemophilia, it prohibited him from returning to work until Starkey's doctor signed off on a "special job description" that Defendant would create for Starkey.

F.    Defendant wrote a memorandum to Starkey in which Defendant mischaracterized the essential job functions and required Starkey to obtain medical clearance based on the memorandum.

G.    Defendant regarded Starkey as disabled, as defined by the ADA, as amended. Alternately, Defendant terminated Starkey because of his actual

disability, as defined by the ADA, as amended, and failed to reasonably accommodate him.

H.      On May 10, 2009, Defendant terminated Starkey because of his disability.

9.      The unlawful employment practices complained of above were intentional.

10.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Starkey's federally protected rights.

11.     The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Starkey by depriving him of equal employment opportunities in violation of the ADA.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices,

C.      Order Defendant to make Starkey whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest and job search expenses, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make Starkey whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

E.      Order Defendant to pay Starkey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507

Debra M. Lawrence
Regional Attorney (Fed. Bar # 04312)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JOHN ALVIN HENDERSON (Fed. Bar # 28419)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, Third Floor
Baltimore, MD 21201
(410) 209-2246
(410) 962-4270 (FAX)
John.henderson@eeoc.gov (E-MAIL)